IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NELSON EDDY CHAVERS,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:11-CV-522-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Nelson Eddy Chavers, TDCJ # 1611434, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Cuero, Texas.[1]

---

[1] Petitioner has not notified this court that he has been transferred to another prison facility, however the website for the Texas Department of Criminal Justice (Offender Information Search) reflects that he is now confined in the Stevenson Unit at 1525 FM 766, Cuero, Texas 77954. The clerk of court is directed to change petitioner's mailing address accordingly.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On November 16, 2009, pursuant to a plea agreement, petitioner pled guilty to aggravated assault with a deadly weapon in the 43rd Judicial District Court of Parker County, Texas, and received a 10-year sentence. (01State Habeas R. at 56-62[2]) Petitioner did not directly appeal his conviction, but he filed three state habeas applications challenging the conviction. (Pet. at 3) On August 19, 2010,[3] petitioner filed his first state habeas application, which was denied without written order by the Texas Court of Criminal Appeals on November 10, 2010. (01State Habeas R. at cover, 1) On December 8, 2010, petitioner filed his second state habeas application, which was dismissed as successive by the Texas Court of Criminal Appeals on January 5, 2011. (02State Habeas R. at cover, 1) Finally, on May 24, 2011, petitioner filed his third state habeas application, which was dismissed without written order by the Texas Court of Criminal Appeals on June 29, 2011. (03State

---

[2]"01 State Habeas R." refers to the state court record in petitioner's state habeas application no. WR-74,657-01; "02State Habeas R." refers to the state court record in his state habeas application no. WR-74,657-02; "02State Habeas R" refers to the state court record in his state habeas application no. WR-74,657-03.

[3]Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *Holland v. Quarterman*, 507 F.3d 840, 843–44 (5th Cir. 2007). However, in 2010 the Texas Court of Criminal Appeals, like the United States Supreme Court and the Texas Supreme Court, adopted the prisoner mailbox rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *Campbell v. State*, 320 S.W.3d 338, 342-44 (Tex. Crim. App. 2010). The Fifth Circuit has not yet ruled on the issue in light of the Texas Court of Criminal Appeals's intervening decision in *Campbell*, and this court is bound by precedent. It is noted, however, that even if the mailbox rule was applicable to petitioner's state habeas applications, it would not change the result.

Habeas R. at cover, 1) This federal petition for writ of habeas corpus challenging the same 2009 conviction was filed on July 29, 2011. Respondent has filed a motion to dismiss the petition as untimely.

### D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct

3

review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on December 16, 2009, and closed one year later on December 16, 2010, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's first state habeas application, pending from August 19, 2010, to November 10, 2010, operated to toll the limitations period under § 2244(d)(2) for 84 days, making the petition due on or before March 10, 2011. Petitioner's second state habeas application, pending from December 8, 2010, to January 5, 2011, operated to toll the limitations period under the statutory provision for another 29 days, making the petition due on or before April 8, 2011. Petitioner's third state habeas application filed on May 24, 2011, after limitations had already expired, did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or otherwise demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner's federal petition was due on or before April 8, 2011; thus, his petition filed on July 29, 2011, is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 3, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 3, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December __13__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE